**Opinion filed March 6, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00041-CR, 11-14-00042-CR, & 11-14-00043-CR

_____

## MATTHEW RYAN BLAIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR38072, CR40859, & CR41547**

## M E M O R A N D U M   O P I N I O N

Matthew Ryan Blain, Appellant, filed an untimely pro se notice of appeal from his convictions for the offenses of unlawful possession of a firearm by a felon, aggravated assault with a deadly weapon, and possession of a deadly weapon in a penal institution. We dismiss the appeals.

The documents on file in these cases indicate that Appellant's sentences were imposed on June 27, 2012, March 4, 2013, and September 11, 2013, respectively, and that his pro se notice of appeal was filed in the district clerk's office on January 31, 2014. When the appeals were filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeals may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and provide an explanation for the untimely filing of his notice of appeal. Appellant has responded but has not shown grounds to continue these appeals.

Pursuant to TEX. R. APP. P. 26.2, Appellant's notice of appeal in each case was due to be filed within thirty days after the date that his sentence was imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court more than 140 days after his sentences were imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeals.

These appeals are dismissed for want of jurisdiction.


March 6, 2014                                              PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2